NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 10 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DJAVOKHIR KAMIMAR, AKA Djavoxir
Karimov,

            Petitioner,

    v.

ROBERT M. WILKINSON, Acting
Attorney General,

            Respondent.

No.    19-73248

Agency No. A215-911-391

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 8, 2021**
Pasadena, California

Before:  TASHIMA, M. SMITH, and MURGUIA, Circuit Judges.

    Djavoxir Karimov,[1] a native and citizen of Uzbekistan, petitions for review of

the Board of Immigration Appeals's ("BIA") dismissal of his appeal from the

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

    [1] We refer to Petitioner as "Karimov" throughout this disposition consistent
with the parties' briefing.

Immigration Judge's ("IJ") decision denying Karimov's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Karimov contends that he was beaten on two occasions and will be persecuted if returned to Uzbekistan because he uncovered a fraudulent scheme perpetrated by his boss at a government-run company. The IJ found that Karimov was not credible, and the BIA upheld that adverse credibility determination. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.      The IJ's adverse credibility finding was supported by substantial evidence. *Kin v. Holder*, 595 F.3d 1050, 1054 (9th Cir. 2010) (explaining that, in applying the substantial evidence standard, "[w]e reverse the BIA's decision only if the petitioner's evidence was 'so compelling that no reasonable factfinder could find that he was not credible'") (quoting *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003)). Specifically, the record supports the agency's finding that Karimov was not credible based on multiple material inconsistencies between Karimov's merits hearing testimony and his credible fear interview and declaration. For instance, Karimov was inconsistent on whether the same individuals perpetrated both alleged beatings, how he got to his sister's house after the alleged October 2017 beating, where he was treated for his injuries, and the circumstances surrounding his flight from persecution. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (an IJ may assess credibility based on "the consistency between the applicant's or witness's written and oral

statements," "the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record").

When confronted with these inconsistencies, Karimov either asserted they were typographical errors or claimed that they were trivial and irrelevant to his claim. Karimov's arguments lack merit. "Under the REAL ID Act, even minor inconsistencies that have a bearing on a petitioner's veracity may constitute the basis for an adverse credibility determination." *Ren v. Holder*, 648 F.3d 1079, 1089 (9th Cir. 2011) (citing *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010)). And because Karimov was given an opportunity to explain the inconsistencies, the adverse credibility determination is supported by substantial evidence. *See Rizk v. Holder*, 629 F.3d 1083, 1088–89 (9th Cir. 2011); *see also Shrestha*, 590 F.3d at 1047 ("[Petitioner's] inability to consistently describe the underlying events that gave rise to his fear was an important factor that could be relied upon by the IJ in making an adverse credibility determination.").

Because the record supports the IJ's adverse credibility determination, it follows that the BIA's conclusion that Karimov failed to satisfy his burden of proof in establishing eligibility for asylum and withholding of removal is also supported. *See Aguilar Fermin v. Barr*, 958 F.3d 887, 892–93 (9th Cir. 2020).

2.     Substantial evidence also supports the BIA's conclusion that Karimov is not eligible for CAT protection. Although an "adverse credibility determination is not

3

necessarily a death knell to CAT protection," Karimov needed to provide reports that alone compel the conclusion that he is more likely than not to be tortured if returned to Uzbekistan. *Shrestha*, 590 F.3d at 1048–49 (citing 8 C.F.R. § 1208.16(c)(2)). Karimov provides country conditions evidence indicating some instances of torture by Uzbekistani authorities, primarily torture in pretrial facilities and local police precincts, of those arrested or detained on religious or extremism charges. None of this evidence establishes a particularized threat of torture or proves it is "more likely than not" that Karimov himself will be tortured should he return to Uzbekistan. *See* 8 C.F.R. § 1208.16(c)(2); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (stating that "generalized evidence of violence and crime . . . is insufficient to meet [the CAT] standard").

**PETITION DENIED.**